STATE OF MAINE                         SUPERIOR COURT
KENNEBEC, SS.                          CIVIL ACTION
                                       DOCKET NO. AP-19-58


DENNIS SIMMONS,
        Plaintiff-Appellee


V.                                     **DECISION ON APPEAL**


ROBIN JANNELLE,
        Defendant-Appellant


This is an appeal pursuant to 14 M.R.S. § 6008 from a judgment in a forcible entry and detainer action entered in favor of the Plaintiff (Landlord) on December 2, 2019 (Nale, J.). The appeal is on questions of law only.

The record in this appeal is highly confusing. It appears, however, that the Tenant (Jannelle) and the Landlord (Simmons) entered into a written lease for apartment # 4 at 30 Cedar Street, Augusta. The District Court (Nale, J.) stated on the record that the lease he had before him commenced on November 29, 2019 and expired on October 31, 2019, and a copy of that Lease Agreement is part of the court's file. During the course of the hearing on December 2, 2019, however, Mr. Simmons stated on the record that the lease he had contained an expiration date of November 30, 2019. In the court's file, there is a page from the Lease Agreement between the parties with different start and end dates written in and initialed "DS." Specifically, on this document the start date is December 1, 2018 and the end date is November 30, 2019. Other than the statement made by Mr. Simmons, there was no evidence presented at the hearing to explain this discrepancy in the dates of the written Lease Agreement. Moreover, none of the documents in the court's file are

marked as exhibits, so this court does not know which documents were admitted into evidence and which were not.

In a "Notice to Vacate" dated September 30, 2019, Mr. Simmons informed Ms. Jannelle "that your lease is terminated on 10/31/2019 at 12:00 noon. You need to vacate the property by that date and time." On November 26, 2019, Mr. Simmons commenced this action by filing a "Complaint for Forcible Entry and Detainer" against Ms. Jannelle, in which he alleged that she had been served with a "notice to quit" on September 30, 2019. An affidavit from a civil Deputy Sheriff described the efforts to serve Ms. Jannelle with the complaint and summons.

The hearing on the complaint was held on December 2, 2019. This court has listened to the record of that hearing, which lasted less than 18 minutes. Both Mr. Simmons and Ms. Jannelle were sworn in by the presiding judge. The focus of the judge's questions was on the expiration of the lease, which he apparently understood to be October 31, 2019, and on whether Mr. Simmons was alleging that Ms. Jannelle had done anything in violation of the lease. With respect to the latter issue, Mr. Simmons asserted that Ms. Jannelle: (1) had caused aggravation to other tenants; (2) was the subject of a "call-log" from the Augusta Police Department, and (3) permitted her brother to stay in a tent in the driveway of the property for three days. No further evidence was presented about the "aggravation" or "call-log" allegations.

Ms. Jannelle, for her part, maintained that her lease agreement was Mr. Simmons was modified or, at least, subject to an addendum from the Augusta Housing Authority for section 8 housing. A copy of the addendum is located in the court's file, but again it is not clear that this was ever admitted into evidence or reviewed by the presiding judge. Moreover, Ms. Jannelle acknowledged that her brother stayed on the property to assist her in preparing her apartment to be treated for a bedbug infestation that originated in a unit other than hers.

2

The hearing was chaotic because Ms. Jannelle, who informed the presiding judge that she was blind, and feared that others were trying to kill her, tended to interrupt when others were speaking. At the conclusion of the hearing, the presiding judge ruled in favor of Mr. Simmons and entered judgment for him, with the writ of possession to issue in seven days. The District Court made no findings of fact and did not indicate the basis for its decision.

Ms. Jannelle filed a timely notice of appeal on December 5, 2019. She subsequently moved to amend her appeal, which request was denied on February 10, 2020. Issuance of the writ of possession was conditionally stayed on December 9, 2019 in accordance with 14 M.R.S. §6008. (Delahanty, ARJ.).

The Law Court has instructed that "a forcible entry and detainer action . . . is purely statutory in origin," and "the party seeking possession must bring himself within the terms of the controlling statute." *Rubin v. Josephson*, 478 A.2d 665, 667 (Me. 1984). Moreover, the Court has held that a plaintiff, in this case Mr. Simmons, must allege and prove "sufficient facts" to bring them within the terms of 14 M.R.S.§6001. *Id.*

In *Rubin* the Court held that a forcible entry and detainer action (FED) will only lie against a tenant holding under a written lease, in this case Ms. Jannelle, where there has been an expiration or forfeiture of a term of the lease. *Id.* at 668-69. Section 6001 provides that an FED action is available against a tenant holding under a written lease "at the expiration or forfeiture of the term, without notice, if commenced within 7 days from the expiration or forfeiture of the term . . . ."

With respect to the expiration of the lease between Ms. Simmons and Ms. Jannelle, it was either October 31, 2019 or November 30, 2019, depending on which document controlled the landlord-tenant relationship in this case. It is entirely unclear from the record in this case which expiration date was the correct one. What is clear, however, is that Mr. Simmons commenced this FED action against Ms.

3

Jannelle on November 26, 2019. If the lease expired on October 31, 2019, this FED action was arguably filed properly. If, however, the controlling expiration date is November 30, 2019, the lease had not yet expired at the time of the commencement of this FED action and, arguably, was not properly brought within the statute, unless there was some other forfeiture of the lease.

The lease between Ms. Simmons and Ms. Jannelle does contain a "default" clause, whereby certain acts by the tenant could result in the landlord having the right to terminate the lease. *See ¶ 24.* While some evidence was presented by Ms. Simmons as to Ms. Jannelle's behavior that prompted him to serve her with the notice to vacate on September 30, 2019 and then to commence this FED action, the record in this case is so unclear that this court cannot conduct a meaningful review of the District Court's judgment.

This court cannot tell whether the District Court granted judgment to Mr. Simmons because it found that the lease term had expired or whether it found that Mr. Simmons had proved that Ms. Jannelle had violated the terms of the lease such that it could be terminated under the default clause. Moreover, it is unclear whether the Addendum pertaining to section 8 housing was taken into consideration by the District Court.

Normally, the appellate court will not set aside "[a]ny findings of fact of the District Court . . . unless clearly erroneous." M.R.Civ.P. 76D, ¶ 3. Here, however, there are no findings of fact. Likewise, in the absence of a request for findings of fact, the appellate court will assume the District Court found all the facts necessary to support its decision. Again, however, the record is so unclear this court would be engaging in guesswork.

Under the circumstances of this case, the court is of the view that the case should be remanded to the District Court for further proceedings to allow that court

4

to hear additional evidence, if appropriate and necessary, and to make findings of fact in support of its judgment.

## CONCLUSION

The entry is:

The appeal of Defendant-Appellant Robin Jannelle is SUSTAINED and the judgment of the District Court of December 2, 2019 is REVERSED. This matter is remanded to the District Court for further proceedings in accordance with this Decision. The Stay of the Writ of Possession will remain in effect until further order of the court.

The Clerk is directed to incorporate this order into the docket of this case by reference in accordance with M.R.Civ.P. 79(a).

Dated: March 23, 2020

Entered on the docket 3/23/20

William R. Stokes
Justice, Superior Court

5